[Cite as *Evans v. Ohio Dept. of Rehab. & Corr.*, 2020-Ohio-475.]

| | |
|---|---|
| WILLIAM H. EVANS, JR | Case No. 2019-00505JD |
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Gary Peterson |
| v. | <u>ENTRY GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT</u> |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION | |
| Defendant | |

{**¶1**} On September 3, 2019, defendant filed a motion pursuant to Civ.R. 56(B) for summary judgment. On September 11, 2019, plaintiff filed a memorandum in opposition, wherein he asserts that, as of September 6, 2019, he had not yet received a copy of defendant's motion.[1] Neither party filed any additional briefing. Defendant's motion for summary judgment is now before the court for a non-oral hearing pursuant to L.C.C.R. 4(D).

{**¶2**} Civ.R. 56(C) states, in part, as follows:

{**¶3**} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." *See also*

---

[1]Defendant's motion included a certificate of service indicating that on September 3, 2019, a copy of the motion was mailed via regular U.S. mail to plaintiff. The Civil Rules contemplate that service via U.S. mail may require three days for delivery. Civ.R. 6(D). Therefore, it is likely that defendant's motion was still in the process of being delivered to plaintiff.

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, 821 N.E.2d 564, ¶ 6, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 364 N.E.2d 267 (1977).

{¶4} On April 15, 2019, plaintiff, an inmate at the Northeast Ohio Correctional Center (NEOCC), filed a complaint against defendant, the Ohio Department of Rehabilitation and Correction (DRC). In his complaint, plaintiff generally alleges that irregularities and delays in the distribution of his prescription medication, prescription refills, and prescription renewals have caused him to be injured. As a part of his complaint, plaintiff attached as an exhibit, among other things, a complaint and supplemental pleading that he filed in the Mahoning County Court of Common Pleas. Plaintiff provides that those attachments are "wholly inclusive to this complaint, pursuant to Civ.R. 10(C)." Complaint at page 1.[2]

{¶5} In the attached complaint filed in the common pleas action, plaintiff details occurrences and difficulties he has endured regarding obtaining his prescription medication while at NEOCC. The common pleas action was filed against NEOCC, CoreCivic America Corporation/Correctional Corporation of America, Mr. La Rose, warden of NEOCC, and Diamond Pharmacy Services. Plaintiff asserts that "NEOCC is a [privately] owned correctional corporation," that "Diamond Pharmacy Services Defendant, is a corporation which contracts further with Core Civic of America/Corrections Corporation of America (CCA)," and that "CCA is most accurately defined as a 'Contractor' for ODRC, rather than an 'Agent.'" Complaint at page 20. Nevertheless, plaintiff's complaint maintains that DRC is responsible for the acts of employees of CoreCivic and/or Diamond Pharmacy Services at NEOCC.

{¶6} In its motion, DRC argues that the warden and medical staff at NEOCC are employees of the private corporation CoreCivic. DRC maintains that it is not liable for any alleged negligence of its independent contractors and that NEOCC is privately

---

[2]Citations to plaintiff's complaint use the page numbers from the PDF uploaded to the court's docket as there are several conflicting page numbers throughout the complaint and attachments thereto.

owned and operated by CoreCivic.  DRC asserts that CoreCivic is an independent contractor rather than an agent of DRC.

{¶7} Regardless of how plaintiff characterizes the nature of his complaint, it appears his claims arise out of allegations that employees at NEOCC failed to properly dispense his mediation and/or failed to timely renew/refill his medications.  Such claims arise out of alleged negligence, either ordinary or medical.

{¶8} "To recover on a negligence claim, a plaintiff must prove by a preponderance of the evidence (1) that a defendant owed the plaintiff a duty, (2) that a defendant breached that duty, and (3) that the breach of the duty proximately caused a plaintiff's injury."  *Ford v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 05AP-357, 2006-Ohio-2531, ¶ 10.

{¶9} "Generally, an employer or principal is vicariously liable for the torts of its employees or agents under the doctrine of respondeat superior, but not for the negligence of an independent contractor over whom it retained no right to control the mode and manner of doing the contracted-for work."  *Clark v. Southview Hosp. & Family Health Ctr.,* 68 Ohio St.3d 435, 438 (1994).

{¶10} "The Ohio Supreme Court has set out a test to distinguish an agency relationship (sometimes also referred to as a master-servant relationship) from an employer-independent contractor relationship: 'Did the employer retain control of, or the right to control, the mode and manner of doing the work contracted for?  If he did, the relationship is that of principal and agent or master and servant.  If he did not but is interested merely in the ultimate result to be accomplished, the relationship is that of employer and independent contractor.'"  *Title First Agency, Inc. v. Xpress Closing Serv., Inc.,* 10th Dist. Franklin No. 03AP-179, 2004-Ohio-242, ¶ 11, quoting *Councell v. Douglas,* 163 Ohio St. 292 (1955), paragraph one of the syllabus.

{¶11} "In determining whether an employer has the degree of control necessary to establish agency, courts examine a variety of factors, including: whether the

employer or individual controls the details of the work; whether the individual is performing in the course of the employer's business rather than in an ancillary capacity; whether the individual receives compensation from the employer, and the method of that compensation; whether the employer or individual controls the hours worked; whether the employer or individual supplies the tools and place of work; whether the individual offers his services to the public at large or to one employer at a time; the length of employment; whether the employer has the right to terminate the individual at will; and whether the employer and individual believe that they have created an employment relationship." *Wright v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 14AP-153, 2014-Ohio-4359, ¶ 10.

{¶12} In support of its motion, DRC submitted the affidavit of Stuart Hudson. Hudson avers as follows:

2.      I have been employed with Defendant, the Ohio Department of Rehabilitation and Correction ("DRC") since 1994.  I currently serve as the Assistant Director of DRC. As Assistant Director, my job duties include: Direct operations of major divisions to include: prisons, court and community services, holistic services, personnel, labor relations, administration and training. Assist the Director in supervising all operations of the Department through assigning duties and responsibilities to various division and institutions. Define agency goals and objectives, formulate policies, procedures and Administrative Rules necessary for the efficient management and operation of the Department. Act on behalf of the Director in her absence.

3.      The Warden, the correctional officers, and medical staff at the Northeast Ohio Correctional Center (NEOCC) are employees or agents of CoreCivic.

4.      CoreCivic, independent from DRC and the State of Ohio, maintains and operates NEOCC pursuant to a contract with DRC.

5.      CoreCivic maintains the premises of NEOCC and is responsible for procuring the equipment and supplies necessary to operate it.

6.      While CoreCivic operates and maintains NEOCC in accordance with contractual and statutory criteria, it does so independently.

7.      DRC is not involved in CoreCivic's decision-making and does not control the details of the work.

8.      DRC employees are not involved in the institution's daily operations nor does DRC play any part in hiring, paying, supervising, disciplining, or terminating CoreCivic's employees.

9. CoreCivic controls the hours worked and amount paid to each of its employees."

{¶13} Plaintiff, however, did not submit evidence to rebut that submitted by defendant. Civ.R. 56(E) provides "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denials of his pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party."

{¶14} Additionally, the attachments to plaintiff's complaint, which he incorporated into his complaint, allege that CoreCivic is an independent contractor and not an agent of DRC and that Diamond Pharmacy Services is an independent contractor, rather than an agent of CoreCivic. The only evidence before the court is that CoreCivic controls the daily decision-making and details of the work at NEOCC and that DRC is not involved in hiring, paying, supervising, disciplining, or terminating CoreCivic's employees. CoreCivic maintains the premises of NEOCC and controls the hours worked and amount paid to its employees. Therefore, there is no dispute that CoreCivic is an independent contractor and not an agent of DRC. DRC cannot be held liable for the negligence of its independent contractors. *Clark* at 438.

{¶15} For the foregoing reasons, the court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. All previously scheduled events are VACATED. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed January 7, 2020**
**Sent to S.C. Reporter 2/12/20**